**Maximiliano A. RAMOS, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 45A03–8810–PC–318.

Court of Appeals of Indiana,
Third District.

July 19, 1989.
Rehearing Denied Oct. 4, 1989.

Susan K. Carpenter, Public Defender, Debra M. Law, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Maximiliano A. Ramos appeals the denial of his petition for post conviction relief. This appeal raises three issues, which we consolidate and restate as:

1. Whether the PCR court erred in ruling that Ramos waived the issues raised in his PCR petition.
2. Whether Ramos' constitutional rights were violated when testimony of his post-arrest silence and request to consult an attorney were admitted into evidence at his murder trial.

We affirm.

Ramos was charged with murder on May 30, 1979. He pleaded not guilty and asserted the defense of insanity. A jury found him guilty and Ramos was convicted and sentenced to thirty-two (32) years in prison on December 12, 1980. His conviction was affirmed on direct appeal. *Ramos v. State* (1982), Ind., 433 N.E.2d 757, *reh. denied.*

During the trial, the State presented testimony of Ramos' post-arrest silence and request to consult with his attorney after being advised of his constitutional rights. Defense counsel made no objection to the admission of the evidence and did not raise as error on direct appeal the admission of such evidence. At the time of trial and during the pendency of Ramos' direct appeal, Indiana caselaw allowed such testimony as evidence of sanity when the defense of mental disease or defect was an issue.

On April 7, 1987, Ramos filed his petition for post conviction relief alleging his conviction and sentence were obtained in violation of his constitutional rights because the State introduced the evidence of his post-

arrest, post-*Miranda*[1] silence and request for an attorney. He also alleged ineffective assistance of counsel at trial and on appeal because his attorney did not object to the evidence at trial or pursue the issue on appeal.

After a hearing, the PCR court denied the petition, concluding that Ramos was not denied effective assistance of counsel given the law at the time, that the issues had been waived, and that the alleged error was harmless.

## I.

### Waiver

■ The PCR court found that Ramos waived any error in the admission of evidence regarding his post-arrest silence and request to consult counsel because it was known and available to him at trial and on direct appeal. To avoid waiver, Ramos alleged ineffective assistance of counsel at trial and on appeal. However, it was not necessary for Ramos to allege ineffective assistance of counsel to avoid waiver. The error alleged in his PCR petition is based on a change in the applicable law affecting his constitutional rights after his case became final. Under such circumstances, a PCR petition is the proper way to assert a claim for relief. Rule PC 1. Thus, Ramos did not waive the issue, and we need not discuss the ineffective assistance of counsel issue.

## II.

### Due Process

Ramos contends the admission into evidence of testimony regarding his post-arrest silence and request for an attorney violated his constitutional rights in light of *Wainwright v. Greenfield* (1986), 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623. In *Greenfield,* the Supreme Court held that the use of a defendant's post-arrest, post-*Miranda* warnings silence and his request to consult counsel as evidence of his sanity is a violation of the due process clause of the 14th Amendment. The Court conclud-

ed that it is fundamentally unfair to impliedly promise a defendant his silence will not be used against him and then to breach that promise by using silence to overcome his plea of insanity. *Id.* at 291, 106 S.Ct. at 639. The Indiana Supreme Court followed suit and held such error to be fundamental. *Wilson v. State* (1987), Ind., 514 N.E.2d 282.

Clearly, as the law is today, the admission of the evidence in Ramos' trial was error. The issue becomes whether the law of *Greenfield* and *Wilson* should be retroactively applied to Ramos. The State points to the recent case of *Griffith v. Kentucky* (1987), 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, for the proposition that a new rule for the conduct of criminal prosecutions is to be applied retroactively only to those cases pending on direct review or not yet final when the rule is announced. However, *Griffith* is not a limitation on when new law should apply retroactively. To the contrary, it expands retroactive application of new law to all cases not yet final, changing previous law which prohibited, with certain exceptions, retroactive application to cases pending on review or not yet final. *Id.* at 328, 107 S.Ct. at 716. The Court in *Griffith* did not address the issue of retroactive application to cases on collateral review.

■ Ramos urges us to follow *Sulie v. Duckworth* (7th Cir.1988), 864 F.2d 1348, in which the 7th Circuit Court of Appeals held that *Greenfield* applies retroactively on collateral review. We decline Ramos' invitation. Retroactive application of a new constitutional rule of criminal procedure is not compelled, constitutionally or otherwise. *Solem v. Stumes* (1984), 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579. Three factors must be considered in making the determination to apply new law retroactively: 1) the purpose to be served by the new rule, 2) the extent of the reliance by law enforcement authorities and state courts on the prior rule, and 3) the effect on the administration of justice of a retroactive application of the new rule. *Id.* at 643, 104 S.Ct. at 1341.

1. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ A new constitutional rule designed to enhance the truth-finding function and accuracy of the criminal trial will be given complete retroactive effect. *Williams v. United States* (1971), 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388. A rule designed to protect and implement pre-existing constitutional rights will not be applied retroactively. *Stumes, supra,* 465 U.S. at 645, 104 S.Ct. at 1343.

■ In *Greenfield,* the Supreme Court based its decision on the view that it is fundamentally unfair to assure a defendant, through the *Miranda* advisements, that his silence will not be used against him and then use his silence to overcome his plea of insanity. *Supra,* 474 U.S. at 291, 106 S.Ct. at 639. The 7th Circuit Court of Appeals, in *Sulie,* decided that the new rule was designed to overcome an impairment to the truth-finding function of the trial caused by admission of the defendant's silence. *Supra* at 1356. We are not persuaded by the court's logic.

The Supreme Court, in *Greenfield,* did not examine the probative value of the defendant's silence, finding in the first instance that use of such evidence is fundamentally unfair. *Supra* at 294, 106 S.Ct. at 640. Clearly, the rule is designed to protect the defendant's exercise of his pre-existing constitutional rights. The rule is not designed to exclude evidence devoid of probative value that negatively impacts the truth-finding function of the trial. Thus, the first criterion of the retroactivity test does not support retroactive application of *Greenfield.*

Next, we must consider whether law enforcement authorities and state courts justifiably relied on the prior rule of law. This inquiry involves a determination whether the new rule should have been anticipated from earlier cases. *Stumes, supra,* 465 U.S. at 646, 104 S.Ct. at 1343.

The Supreme Court relied on *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, in deciding *Greenfield.* In *Doyle,* the Court held that the defendant's post-*Miranda* warning silence may not be used for impeachment purposes at trial. However, the Court acknowledged in *Greenfield* that the question presented was different from the issue raised in *Doyle:* "we note that, in this case, unlike *Doyle* and its progeny, the silence was used as affirmative proof in the case in chief, not as impeachment." *Supra,* 474 U.S. at 292, 106 S.Ct. at 639. *Greenfield* announced a new rule prohibiting the prior practice of using the defendant's post-*Miranda* warning silence to overcome his insanity defense. We cannot conclude that the new rule should have been anticipated. The reliance of the prosecuting attorneys and state courts on the prior rule of law was justifiable.

Finally, we must consider whether retroactive application of *Greenfield* would have a disruptive effect on the administration of justice. The number of cases where the defendant's post-*Miranda* warning silence was used as evidence of his sanity is undoubtedly significant. A challenge to those convictions would require some investigation to assess the substantiality of the *Greenfield* claim. That investigation, and the possible retrial, would be made difficult by problems of lost evidence, faulty memory, and missing witnesses. *See Stumes, supra,* 465 U.S. at 650, 104 S.Ct. at 1345; *see also Jenkins v. Delaware* (1969), 395 U.S. 213, 220–221, 89 S.Ct. 1677, 1681, 23 L.Ed.2d 253. Clearly, retroactive application of *Greenfield* would have a disruptive effect on the administration of justice.

Consideration of the relevant factors leads us to conclude that retroactive application of *Greenfield* is not appropriate.

The PCR court's denial of Ramos' petition for post conviction relief is affirmed.

GARRARD, P.J., and HOFFMAN, J., concur.