**Irvin JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 27S00–8701–CR–59.**

Supreme Court of Indiana.

Oct. 11, 1989.

Susan K. Carpenter, Public Defender and John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant, Irvin Jones, was convicted of Child Molesting, a Class B felony, in a trial to the Grant Circuit Court. He was sentenced to a term of twenty (20) years and the judgment was affirmed on his direct appeal. *Jones v. State* (1983), Ind., 445 N.E.2d 98.

The current proceeding involves Jones' appeal from the denial of his Petition for Post–Conviction Relief and denial of his Motion to Correct Erroneous Sentence. The following issues are raised on appeal:

1. whether Jones was denied the effective assistance of counsel;

2. whether Jones' waiver of his right to trial by jury was knowing, intelligent, and voluntary;

3. whether Jones was denied due process of law; and

4. whether the trial court erred in denying Jones' Motion to Correct Erroneous Sentence because two prior convictions were set aside.

We first note that Jones has the burden of proving his grounds for relief in a post-conviction proceeding by a prepon-

derance of the evidence. *Music v. State* (1986), Ind., 489 N.E.2d 949, 950. This Court will not reweigh the evidence nor judge the credibility of the witnesses and will not set aside the post-conviction judgment unless the evidence is without conflict and leads to but one reasonable conclusion contrary to that of the trial court. *Id.*

## I

Appellant was represented by a public defender at trial. At the hearing on post-conviction relief, Jones testified that trial counsel consulted with him only two or three times in person and only twice on the telephone before the trial. The longest conversation was approximately ninety (90) minutes, while the other two conversations in person lasted twenty (20) to thirty (30) minutes. Jones testified that he was not satisfied with counsel's investigation or preparation, that he had requested counsel to personally contact the witnesses rather than contact them through letters, and that he did not like the way counsel questioned the witnesses. Jones also believed that counsel acted ineffectively by not objecting when Jones was charged with a Class A felony, but was convicted of a Class B felony.

The State argues that this issue has been waived because Jones failed to argue this alleged error on his direct appeal. Jones argues that waiver is not applicable here because both the State and post-conviction court addressed the issues on the merits and any waiver defense has itself been essentially waived. The State contends that all of the witnesses Jones asked counsel to contact appeared at trial and testified. The State also points out that Jones conceded that counsel asked all the questions Jones would have asked, albeit not in the order or manner Jones would have desired. Counsel testified that any confusion over the class of felony facing Jones had been resolved prior to trial and Jones was aware of the possible sentence if convicted. Jones admitted he did not know how he would have prepared differently had he known the charge was a Class B felony.

A defendant must overcome, with strong and compelling evidence, the presumption that his counsel was competent. *McCraney v. State* (1987), Ind., 508 N.E.2d 798, 799; *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1264. This Court stated in *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 978:

> The guidelines for determining competency of counsel require deciding (1) whether counsel's performance was so deficient that he was not functioning as counsel as guaranteed by the Constitution, and if so, (2) whether this failure to function as counsel was so prejudicial as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984) 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.* .

The acts of trial counsel here do not show a lack of reasonable professional judgment nor do they show that Jones was prejudiced by unreasonable acts or omissions of his attorney. *Strickland v. Washington, supra.* What they do tend to show is that trial counsel's strategy differed from that of Jones. There will be no reversal due to choice of strategy where it appears that counsel exercised professional judgment. *Ingram v. State* (1987), Ind., 508 N.E.2d 805, 808. Jones does not show how counsel acted unprofessionally, nor how the outcome would have changed. Appellant has failed to meet his burden on this issue.

## II

Before his trial began, Jones waived his right to a trial by jury. Jones had discussed this matter with his attorney and stated in open court he waived this right in order to spare his daughters' appearance at a trial. The State dropped its request for an habitual offender finding as part of the agreement to waive the jury trial. Jones now alleges that the record was insuffi-

cient to show a knowing, intelligent, and voluntary waiver.

On the contrary, as the State correctly points out, the record clearly shows that the trial court questioned Jones about his waiver of a jury trial. The judge determined that Jones had discussed the matter with counsel, that he understood it was a constitutional right, that only he could waive that right, and that by waiving a jury trial, the judge would decide the case and impose sentence if Jones was found guilty. A knowing, intelligent and voluntary waiver of a jury trial may be accomplished by a written waiver or in open court. *Kimball v. State* (1985), Ind., 474 N.E.2d 982, 986; *Rodgers v. State* (1981), 275 Ind. 102, 105, 415 N.E.2d 57, 59. Where the record shows it was appellant's personal wish to waive his right to a jury trial and that he was adequately informed about that waiver, the waiver is proper. *Brown v. State* (1986), Ind., 495 N.E.2d 178. We find that Jones' waiver was proper here.

### III

■ Jones claims his due process rights were violated because he was charged with a Class A felony, but convicted of a Class B felony. He believes due process has been denied because he did not know the nature of the charge and potential sentence, but Jones admitted he did not know how he would have changed his preparation for trial.

The State argues that Jones was advised of the charge of child molesting, regardless of its character as a Class A or Class B offense. Trial counsel testified that Jones was aware it was a Class B felony prior to trial and they had discussed the sentencing possibilities. According to the State, Jones benefited, if anything, because a Class B felony carries a lower sentence than a Class A felony.

Jones has failed to show how this variance between the charging instrument and the evidence at trial has prejudiced him; indeed, he was adequately advised of the charge and was able to prepare a defense. *Dudley v. State* (1985), Ind., 480 N.E.2d

881, 892–93. Accordingly, no error was committed by the post-conviction court.

### IV

The last issue to be addressed is whether the post-conviction court erred in denying Jones' Motion to Correct Erroneous Sentence. Following Jones' conviction, the trial court imposed the maximum sentence of twenty (20) years. The trial court gave its reasons for the maximum sentence as follows:

> In this particular instance, it is the judgment of the Court that in addition to the fact that the sentence appears to be appropriate under the statutes there are certain aggravating circumstances present here, which include the Defendant's own history of prior criminal activity as an adult and juvenile, one of these incidents which include a prior attempt at sex offense. Another circumstance that the Court considered was the tender age of the victims of this crime and their close relationship to the Defendant and the ability of the Defendant in that relationship to perpetrate this activity. And finally, it is the feeling of the Court that a lesser sentence would depreciate the seriousness of this offense, so with that the Defendant would be remanded to the custody of the Sheriff for execution of the sentence.

*Record* at 256.

Jones filed his Motion to Correct Erroneous Sentence and alleged that his original sentence was in error because earlier convictions for attempted escape and forgery had subsequently been set aside. He contends that the trial court partially relied on these two convictions in imposing sentence inasmuch as they were included in the presentence report considered by the trial court. Thus, because these alleged aggravating factors have been set aside, Jones argues that the trial court erred in denying his Motion to Correct Erroneous Sentence and his sentence should be reduced.

Ind.Code § 35–38–1–15 governs motions to correct an erroneous sentence, and provides as follows:

> If the convicted person is erroneously sentenced, the mistake does not render

the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind.R.P.C. 1, § 1(a)(3) states: "Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims ... that the sentence exceeds the maximum authorized by law, or is otherwise erroneous ... may institute at any time a proceeding under this Rule to secure relief."

In *Thompson v. State* (1979), 270 Ind. 677, 679, 389 N.E.2d 274, 276, this Court held that a defendant may use either avenue in forwarding his sentencing error. *Thompson* was drafted partly in response to some confusion over what procedure to follow and whether a trial court should treat an unverified petition, purportedly under Ind.R.P.C. 1, § 1(a)(3) and attacking only the sentence, as a motion to correct sentence pursuant to the statute. *Id.* at 680, 389 N.E.2d at 276.

■ However, it is well-settled now that while the statutory procedure may be utilized to correct an erroneous sentence, the preferred procedure is by way of a petition for post-conviction relief. *Gee v. State* (1987), Ind., 508 N.E.2d 787, 788. The use of the statutory procedure should be limited to those instances where the sentence is erroneous on its face. The use of Ind.Code § 35-38-1-15 is proper for errors in sentencing similar to those which an appellate court would hold to be fundamental and would correct even if presented for the first time on appeal. Such fundamental error would include illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute. *See Killian v. State* (1987), Ind., 512 N.E.2d 411, 412. Not included within the type of fundamental error that may be raised under the statute would be constitutional issues or issues concerning how the trial court weighed factors in imposing sentence.

Although Jones initially sought review of his sentence under the statute, the post-conviction court held a hearing on both his Motion to Correct Erroneous Sentence and his Petition for Post–Conviction Relief. Both were denied by the post-conviction court. We now turn to Jones' allegations.

Jones argues that the trial court partially relied on his prior criminal activity in enhancing the sentence. Therefore, Jones believes the post-conviction court erred in denying his Motion to Correct Erroneous Sentence where he showed that two of his convictions have since been vacated. Jones analogizes this to a situation where this Court held that it was reversible error to allow the State, over objection, to amend an habitual offender count to include convictions for which the defendant had not yet been sentenced. We rejected the State's argument that the error was harmless on grounds that the habitual offender finding was supported by evidence of two other convictions. *Wells v. State* (1982), Ind., 437 N.E.2d 1333; *Miller v. State* (1981), 275 Ind. 454, 458, 417 N.E.2d 339, 342. *Wells* and *Miller* do not support Jones. Those cases referred to a specific requirement in an habitual criminal finding of proper sequence of perpetration, conviction and sentence.

The sentencing court stated that another aggravating circumstance "was the tender age of the victims of this crime and their close relationship to the Defendant and the ability of the Defendant in that relationship to perpetrate this activity." *Record* at 256. Jones contends that this reliance is improper because he was charged only with molesting one of his daughters, and the use of "victims" refers to testimony from another daughter that he had had sexual contact with her. Jones states that the sentencing court cannot properly use uncharged crimes or acquittals to enhance a presumptive sentence, citing *Anderson v. State* (1983), Ind., 448 N.E.2d 1180, 1186. *Cf. Russelburg v. State* (1988), Ind., 529 N.E.2d 1193, 1197.

The trial court gave three reasons for enhancing the sentence:

1) Jones' prior criminal history as a juvenile and adult;

2) the young age of the victims and Jones' close relationship to them (father-daughter); and

3) the court's belief that a lesser sentence would depreciate the seriousness of the crime.

The State argues that although Jones' convictions for attempted escape and forgery were vacated in post-conviction proceedings, he was also committed to the Indiana Boys School for assault and battery with the intent to commit a felony rape and committed to the Indiana State Farm for auto theft. The State also contends that Jones has failed to show that the sentencing court improperly considered uncharged criminal conduct by using "victims" instead of "victim," along with the use of plural pronouns.

 The trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced due to aggravating factors involving the particular defendant or crime. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. The record does not reflect that the sentencing court improperly considered uncharged criminal conduct in imposing sentence or that vacating two prior convictions removes the reasons for sentence enhancement. The trial court stated the two convictions were a minimal consideration in his decision to enhance the sentence. One statutory aggravating factor which the court listed was that a lesser sentence would depreciate the serious nature of the crime. In addition, the trial court also focused on the relationship between the perpetrator and the victim. This alone would support the trial court's view that a lesser sentence would depreciate the serious nature of the crime.

The judgment of the post-conviction court is affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.