**Leland C. POWELL, Petitioner–
Appellant,**

v.

**STATE of Indiana, Respondent–
Appellee.**

No. 22A01–9009–PC–369.

Court of Appeals of Indiana,
First District.

June 26, 1991.

Rehearing Denied Aug. 23, 1991.

Susan K. Carpenter, Public Defender, Darrolyn A. Ross, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

BAKER, Judge.

Leland C. Powell appeals from the denial of his motion to correct erroneous sentence. The issue presented for our review is whether our supreme court's decision in *Kelly v. State* (1989), Ind., 539 N.E.2d 25, *aff'g Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, should be applied retroactively to Powell's convictions and sentences. We hold it should not be applied retroactively, and therefore affirm the trial court.

## FACTS

In 1983, Powell, driving while intoxicated, entered a divided highway on the wrong side. He caused a head-on collision with another car, which took the lives of two people. Powell was charged with two counts of operating a motor vehicle while intoxicated resulting in death, and two counts of reckless homicide, all Class C felonies. He pled guilty to all four counts. He was sentenced to eight years on one of the OWI convictions, and eight years with four years suspended on the second OWI conviction. These sentences were to run consecutively. The trial court vacated the reckless homicide convictions.

In 1985, Powell filed a motion to correct error, which was treated as a petition for post-conviction relief. The post-conviction court overturned his convictions and sen-tences and set the case for a jury trial. Powell again pled guilty to all four charges. He was sentenced to consecutive eight year terms on the OWI convictions, and his reckless homicide convictions were vacated.

Powell took a direct appeal from the second judgment, claiming in part that it was error to impose two sentences for the OWI convictions. This court affirmed his sentences on February 3, 1988, in a unanimous memorandum decision. *Powell v. State* (1988), Ind.App., 519 N.E.2d 235, *trans. denied.* The Indiana Supreme Court denied transfer on September 22, 1988. Chief Justice Shepard did not participate in the transfer decision, as he was the trial judge who initially accepted Powell's guilty pleas and imposed sentence upon him. Two justices voted to deny transfer, and two voted to grant transfer on the basis that only one conviction for OWI causing death could stand based upon the single accident regardless of how many lives were taken. *Powell v. State* (1988), Ind., 528 N.E.2d 483 (DeBruler, J., and Dickson, J., dissenting from denial of transfer). Because our supreme court was evenly divided upon the question of whether to accept transfer, transfer was denied and the decision of the Court of Appeals was affirmed pursuant to Ind. Appellate Rule 11(B)(5).

On June 1, 1989, the Indiana Supreme Court decided the case of *Kelly, supra.* In *Kelly*, the defendant operated a motor vehicle while intoxicated, causing the death of one person and the serious injury of another. He was convicted of OWI causing death and OWI resulting in serious bodily injury. Our supreme court summarily affirmed this court's decision holding that the legislature intended multiple egregious results to increase the penalty for operating while intoxicated, and not to increase the number of crimes arising from a single incident of operating while intoxicated. *Id.*

Several months after the *Kelly* decision, Powell wrote a letter to the trial court citing *Kelly* and its applicability to his case. After the appointment of counsel and submission of memoranda of law, the trial

court denied Powell's motion to correct erroneous sentence. This appeal ensued.

## DISCUSSION AND DECISION

■ Powell argues he should be given the benefit of the *Kelly* decision. Because *Kelly* was decided after Powell's sentence was imposed, the issue in this case is one of retroactivity. Yet Powell fails even to mention retroactivity until his reply brief. Powell appears to argue, without citation to authority, that his First Amendment rights were violated when Chief Justice Shepard did not participate in the decision on Powell's petition to transfer. Powell has not chosen the appropriate vehicle to assert such a claim. A motion to correct erroneous sentence should be used only in those instances where the sentence is erroneous on its face. *Jones v. State* (1989), Ind., 544 N.E.2d 492. The same rule applies to Powell's argument that he has been denied his constitutional right to even-handed application of the law. A petition for post-conviction relief is the appropriate procedure to raise these claims. *Id.*

Even if Powell appropriately had raised these issues, reversal would not be warranted. Powell cites no authority for the proposition that a defendant has a constitutional right to have every Justice on our supreme court participate in his appeal. Additionally, we cannot assume that Chief Justice Shepard would have voted in Powell's favor had he participated in the transfer decision. Powell's argument that he and Kelly were similarly situated, and even-handed application of the law dictates that their relief thus must be the same, also fails. The cases he cites in support of this proposition only marginally mention even-handedness, and the concept is discussed in relation to the rule that a state procedural rule does not bar federal relief

if the state procedural rule is not followed strictly or regularly. *Johnson v. Mississippi* (1988), 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575; *Wheat v. Thigpen* (5th Cir.1986), 793 F.2d 621, *cert. denied,* 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759. These cases have no application here.

We thus turn to the issue properly raised by the motion to correct erroneous sentence: whether Powell's sentence is erroneous because he has been given two convictions and sentences when he should have been subject to only one conviction and sentence.[1] In *Kelly,* our supreme court held only one conviction and sentence may be had for OWI causing death or serious bodily injury when only one incident of operating while intoxicated has occurred regardless of how many victims were killed or seriously injured. It is clear that, had *Kelly* been decided prior to the imposition of Powell's conviction and sentence, Powell would be held accountable for only one conviction and sentence for OWI resulting in death. Because *Kelly* was decided subsequent to Powell's sentencing, however, we must determine whether to give the decision retroactive effect.

■ Our supreme court did not state that *Kelly* was to be applied retroactively. The Constitution neither requires nor prohibits a new judicial rule from being given retroactive effect. *Griffith v. Kentucky* (1987), 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649; *Rowley v. State* (1985), Ind., 483 N.E.2d 1078. New rules for the conduct of criminal prosecutions are to be applied retroactively to cases pending on direct review or not yet final when the new rules are announced. *Ramos v. State* (1989), Ind.App., 541 N.E.2d 300, *trans. denied.* At the time our supreme court decided *Kelly,* Powell's case was no longer pending direct review.[2]

1. Despite Powell's lack of argument concerning retroactivity, we will address the issue because it is clear that what Powell is requesting is the retroactive application of *Kelly,* and the State has addressed the issue.

2. Powell maintains in his reply brief that he should receive the benefit of *Kelly* because the Court of Appeals issued its decision in *Kelly* on September 14, 1988, while his direct appeal was

pending transfer to our supreme court. It was not, however, until June 1, 1989, after Powell's direct appeal was terminated, that the Indiana Supreme Court affirmed the decision in *Kelly,* definitively answering a question upon which the Court of Appeals was split. *See, e.g., Doss v. State* (1989), Ind.App., 536 N.E.2d 516, *reh'g granted* (initially holding separate sentences

■ A new rule may apply retroactively to a case on collateral review. *Id.* The criteria relevant in deciding whether a particular rule is to be applied retroactively to a case on collateral review include: the purpose to be served by the new standards, the extent of reliance by law enforcement authorities on the old standards, and the effect of a retroactive application of the new standards on the administration of justice. *Griffith, supra; Rowley, supra; Ramos, supra.* "Where a new judicial rule only tends incidentally to improve or enhance the reliability of the truth-finding process, retrospective application may not be warranted...." *Rowley, supra,* at 1082.

■ The new rule enunciated in *Kelly* does nothing to improve or enhance the reliability of the truth-finding process, and is thus not the type of rule that compels retroactive application. *Id.* An evaluation of the criteria relevant to retroactivity leads to the same conclusion. The purpose of the new rule was to give effect to the legislative intent of properly enhancing an OWI conviction in order to avoid double jeopardy concerns. *Kelly, supra* (noting legislative intent is the touchstone of whether the double jeopardy clause is violated). The new rule was designed to protect a defendant from being subjected to double jeopardy. *Id.* "A rule designed to protect and implement pre-existing constitutional rights will not be applied retroactively." *Ramos, supra,* at 303. Because the rule in *Kelly* was designed to protect a pre-existing constitutional right, the right to be free from double jeopardy, the first

criterion of the retroactivity test does not support retroactive application of *Kelly.* *Id.*

The next question is whether law enforcement officials and state courts justifiably relied on the prior rule of law. *Id.* Prior to the *Kelly* decision, courts had allowed multiple sentences and OWI convictions when there were multiple victims in a single accident. *See Micinski v. State* (1986), Ind., 487 N.E.2d 150; *Dupin v. State* (1988), Ind.App., 524 N.E.2d 329; *Orr v. State* (1984), Ind.App., 472 N.E.2d 627; *Drossos v. State* (1982), Ind.App., 442 N.E.2d 1. After *Kelly* was decided by the Court of Appeals, but before it was affirmed by the Indiana Supreme Court, this court held, in contravention of *Kelly,* that separate sentences could be given in a multiple victim OWI case even though the injuries arose as a result of a single accident. *Doss, supra,* n. 2.[3] Thus, there was heavy reliance by courts on the old rule.[4]

Finally, retroactive application of the rule would have a highly detrimental effect on the administration of justice. All defendants sentenced under the pre-*Kelly* rules, of which there are many as demonstrated by the citations in the above paragraph, could bring actions for post-conviction relief or sentence modification on the basis of a rule that was not the law when they were convicted, could not have been anticipated when they were sentenced, and which does not even purport to apply to their convictions retroactively. This would place a heavy burden upon the court system.

Thus, the applicable factors do not point to the retroactivity of the *Kelly* decision,

---

could be given in a multiple victim OWI case even though there was only one accident).

**3.** One of Doss's convictions later was reversed on rehearing in light of our supreme court's decision in *Kelly.*

**4.** Evidence of this reliance is further demonstrated by the fact that then-Judge Shepard and Judge Striegel both vacated the reckless homicide convictions and sentenced Powell on the OWI convictions. The *Kelly* rule would not have barred two reckless homicide convictions

in this case because the gravamen of the reckless homicide offense is causing the death of another, and Powell caused two deaths. *Kelly, supra.* OWI causing death and reckless homicide are both Class C felonies, and the trial court judges could have convicted Powell of two reckless homicides, vacated the OWI convictions, and sentenced Powell to the same term. Because of the reliance on the old rule, however, the trial court judges sentenced Powell on the two OWI convictions and vacated the reckless homicide convictions.

and Powell says nothing to indicate otherwise. We hold *Kelly* does not apply retroactively to cases not pending on direct review at the time *Kelly* was decided by our supreme court, and affirm Powell's sentence.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, J., concur.