**Gary D. WATKINS, Appellant–
Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

No. 82A01–9110–CR–304.

Court of Appeals of Indiana,
First District.

April 1, 1992.

Susan K. Carpenter, Public Defender, John T. Ribble, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Gary D. Watkins appeals the denial of his motion to correct an erroneous sentence. He argues the trial court lacked the authority to order the present eight (8) year sentence to run consecutively to a sentence which was imposed at an earlier time. We reverse.

### FACTS

On April 6, 1983, Watkins was sentenced to an aggregate sentence of thirty (30) years imprisonment for Burglary and Attempted Rape by the Vanderburgh Circuit Court in cause no. 3725.

On July 29, 1983, Watkins was sentenced to eight (8) years imprisonment for Battery by the Vanderburgh Circuit Court in the present case, cause no. 3639. The trial court ordered the eight (8) year sentence for the Battery conviction to run consecutively to the thirty (30) year sentence imposed for the Burglary and Attempted Rape convictions obtained in the earlier prosecution.

Watkins appealed the Battery conviction but did not raise the present sentencing error. We affirmed the Battery conviction in a memorandum decision dated October 24, 1984 (No. 4–1083A366).

On December 20, 1990, Watkins filed the present motion to correct an erroneous sentence pertaining to the (8) year sentence for the Battery conviction imposed under cause no. 3639.

Additional facts are supplied as necessary.

### DECISION

■ The purpose of a motion to correct an erroneous sentence under IND.CODE 35–38–1–15 is to provide prompt, direct access to uncomplicated legal process for correcting an occasional erroneous or illegal sentence. *Gaddie v. State* (1991), Ind., 566 N.E.2d 535. The motion to correct an erroneous sentence should be limited to those instances where the sentence is erroneous on its face; the procedure should not be utilized to prosecute issues properly raised in a petition for post-conviction relief. *Jones v. State* (1989), Ind., 544 N.E.2d 492. The motion to correct an erroneous sentence is the proper procedure for addressing errors in sentencing similar to those which an appellate court would hold to be fundamental and would correct even if presented for the first time on appeal. *Id.* Such fundamental error would include illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision. *Id.* Constitutional issues or issues concerning how the trial court weighed factors in imposing a sentence are not matters which should be addressed in a motion to correct an erroneous sentence. *Id.*

■ In the absence of express statutory authority, trial courts cannot order consecutive sentences. *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30; *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311. Indiana Code 35–50–1–2, enacted in 1977, provides authority for trial courts to impose consecutive sentences. *Id.* Indiana Code 35–50–1–2(a) grants trial courts the discretionary authority to impose consecutive sentences under certain circumstances. *Id.* Indiana Code 35–50–1–2(b) mandates trial courts to impose consecutive sentences under certain circumstances. *Id.* The State concedes the trial court was not mandated under I.C. 35–50–1–2(b) to impose consecutive sentences under the present circumstances. The present battery was committed on September 8, 1982, before Watkins was given the thirty year (30) sentence. Therefore, I.C. 35–50–1–2(b) does not apply. *See Killian v. State* (1987), Ind., 512 N.E.2d 411.

■ In *Kendrick*, 529 N.E.2d 1311, our supreme court interpreted I.C. 35–50–1–2(a) as limiting the discretionary authority of the trial court to order consecutive sentences to those occasions when a court is meting out two or more terms of imprisonment at one time. *Id.* A trial court has discretionary authority to order sentences to run consecutively only when it is contemporaneously imposing two or more sentences. *Id.*

The State concedes that, under the authority of *Kendrick*, Watkins' consecutive sentencing was erroneous. Nevertheless, the State asserts that Watkins is not entitled to relief upon his present motion to correct an erroneous sentence because: 1) Watkins has waived the sentencing error by failing to raise it on his direct appeal, and/or 2) *Kendrick* should not be given retroactive application under the present circumstances.

■ When an erroneous sentence is apparent from the the face of the record, we may correct it even though the issue was not raised in a motion to correct error. (During the era when issues were required to be presented in a motion to correct error to be preserved for appeal). *Morgan v. State* (1981), Ind.App., 417 N.E.2d 1154. A sentencing error may be raised for the first time on appeal. *Rihl v. State* (1980), Ind.App., 413 N.E.2d 1046. Courts have a duty to correct an erroneously imposed sentence. *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081. The length of time intervening between an original erroneous sentence and the correction thereof does not affect the power of the courts to correct the sentencing error. *Id.* Finally, in the recent case of *Baskin v. State* (1992), Ind.App., 586 N.E.2d 938, we granted post-conviction relief based on *Kendrick* despite the defendant's failure to raise the sentencing error on direct appeal.

■ Based on the above authority, we cannot conclude that Watkins' failure to raise the present sentencing error in his

direct appeal forecloses his ability to obtain relief upon his present motion. Therefore, we cannot conclude that the present sentencing error has been waived.

■ The State next asserts that Watkins may not avail himself of what it characterizes as a retroactive application of *Kendrick*, 529 N.E.2d 1311. A "new rule" is generally not applicable to cases which have become final before the new rule was announced; that is, after the direct appeals process has become completed. *Daniels v. State* (1990), Ind., 561 N.E.2d 487. A "new rule" is one that breaks new ground and produces a result not dictated by precedent existing at the time the defendant's conviction became final. *Teague v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334.

■ We cannot conclude that *Kendrick*, 529 N.E.2d 1311, established a "new rule" so as to make its application inappropriate in the present case. *Kendrick* simply interpreted I.C. 35–50–1–2(a) which was in effect at the time Watkins' sentences were imposed. We are unaware of any authority, statutory or otherwise, that Indiana trial courts have ever had the discretionary authority to order the commencement of a sentence postponed until another sentence, imposed in a different prosecution at an earlier time, has been completed. And, as the authority to impose consecutive sentences must be derived from express statutory authority, *Baromich*, 249 N.E.2d 30, we must conclude the trial court lacked statutory authority to impose consecutive sentences under the present circumstances. Moreover, in *Baskin v. State* (1992), Ind.App., 586 N.E.2d 938, we applied *Kendrick* in granting Baskin's petition for post-conviction relief even though Baskin's direct appeal had been completed. Therefore, we cannot conclude that we are constrained from applying *Kendrick* based on the *Daniels*, 561 N.E.2d 487, rule against retroactive applications.

## CONCLUSION

■ We hold Watkins has demonstrated sentencing error apparent on the face of the sentencing order sufficient to merit relief upon his motion to correct an erroneous sentence. We believe the sentencing error presented by Watkins is precisely the type of illegal sentence in violation of express statutory authority contemplated for redress under a motion to correct an erroneous sentence. *Jones*, 544 N.E.2d 492.

We conclude the trial court lacked statutory authority to order Watkins' eight (8) year sentence for the Battery conviction to run consecutively to the earlier imposed thirty (30) year sentence. In effect, the present (8) year sentence for the Battery conviction must run concurrently with the earlier imposed thirty (30) year sentence. Therefore, we must reverse and remand with instructions that the trial court vacate that portion of its sentencing order which postpones the commencement of the eight (8) year sentence for the Battery conviction.

Judgment reversed.

RATLIFF, C.J. and SHARPNACK, J., concur.