**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO-SE:

**ROBERT L. PICKENS**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT L. PICKENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  43A04-1304-CR-170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Duane G. Huffer, Special Judge
Cause No. 43C01-1102-FB-98

**July 24, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, after being sentenced to thirty years in the Department of Correction (DOC), appellant-defendant Robert L. Pickens filed a motion to correct erroneous sentence. In the motion, Pickens alleged that he had not committed the required predicate offenses to support the finding that he was a habitual offender, which comprised fifteen years of his thirty-year term. Pickens now claims that the trial court abused its discretion when it denied the motion. Concluding that Pickens's claims should be raised through post-conviction proceedings, we affirm the judgment of the trial court.

FACTS

On October 19, 2011, a jury convicted Pickens of class B felony dealing in methamphetamine. Following this conviction, Pickens pleaded guilty to being a habitual offender. Pickens was sentenced to fifteen years for dealing in methamphetamine and fifteen years for being a habitual offender, for a total executed term of thirty years in the DOC. Pickens's conviction and sentence were affirmed by a panel of this Court on September 12, 2012. Pickens v. State, No. 43A03-1112-CR-585, memo op. at 3 (Ind. Ct. App. Sept. 12, 2012).

On October 25, 2012, Pickens filed a pro se motion to correct erroneous sentence. In the motion, Pickens alleged that he had been improperly charged with the habitual offender enhancement because he had not been convicted of the necessary predicate offenses. The trial court denied Pickens's motion on March 5, 2013. Pickens now appeals.

DISCUSSION AND DECISION

Pickens argues that the trial court erred when it denied his motion to correct erroneous sentence. This Court reviews a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion, which occurs only when the trial court's ruling is against the logic and effect of the facts and circumstances before it. Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). Additionally, we will consider only the evidence favorable to the trial court's ruling and the reasonable inferences to be drawn therefrom. Kelley v. State, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005).

Pickens presented his claims by way of a motion to correct erroneous sentence under Indiana Code section 35-38-1-15.[1] Our Supreme Court has instructed that these motions may only raise errors that are clear on the face of the sentencing order. See Robinson v. State, 805 N.E.2d 783, 787 (Ind. Ct. 2004) (stating that "[u]se of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment").

Here, Pickens's motion sought to review matters that were not apparent from the face of his sentencing order. Indeed, Pickens's claims will at least require a review of his criminal record to ascertain whether he has been convicted of the necessary predicate

---

[1] This statute provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

offenses to support the habitual offender enhancement.  Thus, the trial court did not err by denying Pickens's motion to correct erroneous sentence.

That said, when these and similar claims are raised, "Indiana case law has long emphasized that 'the preferred procedure is by way of a petition for post-conviction relief.'"  Id. (quoting Jones v. State, 544 N.E.2d 492, 496 (Ind. 1989)).  Accordingly, Pickens may avail himself of these procedures to obtain review of his claims.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.