## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 29 2016, 9:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Mark W. Gregory
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Mark W. Gregory,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 29, 2016

Court of Appeals Cause No.
48A02-1508-CR-1083

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-9803-CF-49,
48C01-9809-CF-226

**Barnes, Judge.**

# Case Summary

Mark Gregory appeals the denial of his motion to correct erroneous sentence. We affirm.

# Issue

Gregory raises one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence.

# Facts

In a previous appeal, we described the facts of this case as follows:

> [In May 1998,] Mark Gregory pled guilty to sixteen felony charges and was sentenced to a total of eighty years, with fifty-five years in prison and twenty-five suspended to probation. Three years later, he was convicted of escape and given a consecutive eight-year sentence, with four years[] in prison and four years[] probation. [In July 2009], he requested that his sentence be modified, and the trial court granted his request, ordering him to be released on probation for the balance of his term. Less than two months after his release, he was charged with burglary and theft in a neighboring county. As a result, the trial court revoked Gregory's probation and ordered that he serve his remaining term of approximately sixty-five years in prison.

*Gregory v. State*, No. 48A02-1009-CR-984, slip op. at 1 (Ind. Ct. App. April 8, 2011), *trans. denied*. The amended abstracts of judgment that the trial court issued when it modified Gregory's sentences simply state that each count is "MODIFIED TO PROBATION FOR BALANCE OF SENTENCE." App.

pp. 55-58.  The abstracts do not specify whether Gregory was required to complete his probationary periods concurrently or consecutively.

[4]     On June 8, 2015, Gregory filed a motion to correct erroneous sentence.[1]  On July 7, 2015, the trial court denied his motion.  Gregory now appeals.

## Analysis

[5]     Gregory argues the trial court erred by denying his motion to correct erroneous sentence.  In essence, he seems to contend the trial court did not have the authority to modify the sentence imposed for his escape conviction because he had not yet begun serving that sentence at the time of the modification.

[6]     Indiana Code Section 35-38-1-15 provides that a defendant may file a motion to correct erroneous sentence:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

---

[1] Gregory has also challenged his modified sentences on direct appeal and in a petition for post-conviction relief, the denial of which he also appealed.  This Court affirmed the trial court in both cases.  *See Gregory v. State*, No. 48A02-1009-CR-984 (Ind. Ct. App. Apr. 8, 2011), *trans. denied*, and *Gregory v. State*, No. 48A02-1302-PC-198 (Ind. Ct. App. Oct. 4, 2013), *trans. denied*.

[7]     We "defer to the trial court's factual finding" on a motion to correct erroneous sentence and "review its decision only for abuse of discretion." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010) (quotations omitted) (citation omitted). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[8]     Sentencing errors are best presented to the trial court in a motion to correct error under Indiana Trial Rule 59 or on direct appeal. *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Thereafter, a defendant may seek relief for certain claims under the Indiana Post-Conviction Rules. *Id.* A motion to correct erroneous sentence is an alternate remedy; however, that remedy is reserved for correcting only those sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* at 787. "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[9]     Gregory urges us to "review information outside the sentencing orders . . . because they are extremely vague." Appellant's Br. p. 8. He effectively concedes the error he raises is not "facially apparent." *See Robinson*, 805 N.E.2d at 787. Citing *Jones v. State*, 544 N.E.2d 492 (Ind. 1989), Gregory asserts, "The Court has in certain rare circumstances chosen to look at

information outside the sentencing order to properly address the merits of a claim . . . ." Appellant's Br. p. 8. *Robinson* acknowledged several cases, including *Jones*, "may not have rigorously applied the 'erroneous on its face' standard," but held, "the 'facially erroneous' prerequisite should henceforth be strictly applied, notwithstanding *Jones* . . . ." *Robinson*, 805 N.E.2d at 786. We, decline Gregory's request that we review extraneous information. The trial court, also, was prohibited from doing so.

[10] Gregory claims the trial court lacked the authority to modify his sentence for escape because he had not begun serving that sentence. The July 6 and July 8, 2009 abstracts of judgment modifying Gregory's 1998 and 2001 sentences contain no details related to those sentences. There is no indication whether he was serving his sentences consecutively or concurrently or which he began serving first. To obtain this information, the trial court would have needed to review, at a minimum, the original sentencing orders. Thus, there is no error apparent on the face of the 2009 modification orders, and a motion to correct erroneous sentence is not the appropriate remedy for the errors Gregory claims. Gregory has not established that the trial court abused its discretion by denying his motion.[2]

------

[2] Because we conclude a motion to correct erroneous sentence is not the proper vehicle for addressing Gregory's claim, we need not address the State's alternative argument.

# Conclusion

The trial court did not abuse its discretion in denying Gregory's motion to correct erroneous sentence. We affirm.

Affirmed.

Robb, J., and Altice, J., concur.