Paul RYAN, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1283S463.

Supreme Court of Indiana.

June 26, 1985.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Paul Ryan, is before this Court appealing from the denial of his petition for post-conviction relief. He was charged initially with rape, a Class B felony, Ind.Code § 35–42–4–1(a) (Burns 1985 Repl.) and criminal deviate conduct, a Class B felony, Ind.Code § 35–42–4–2(a) (Burns 1985 Repl.). Pursuant to a plea bargain agreement he pleaded guilty to rape and was sentenced to the Indiana Department of Correction for a term of twenty years. The sole issue presented in this appeal from denial of post-conviction relief is whether the State violated the terms of the plea bargain agreement by permitting the victim's mother to address the court at appellant's sentencing hearing.

During plea negotiations, a letter dated October 29, 1980, was sent to appellant from the prosecutor. This letter constituted one plea offer which was made by the prosecutor but did not represent the final plea bargain agreement entered into by appellant and the prosecutor. In this plea offer the prosecutor informed appellant that she had discussed this case with the victim's family and they had indicated to her that they would prefer the court to determine sentencing rather than to recommend sentencing themselves. The final written plea bargain agreement included the following provisions:

(1) the State agreed to forgo prosecution of appellant on the charge of criminal deviate conduct;

(2) appellant agreed to plead guilty to rape at the time of sentencing;

(3) the State would make no recommendation as to the sentence to be imposed except that appellant should receive psychiatric treatment during his term of incarceration; and

(4) the plea bargain agreement embodied the entire agreement.

The plea bargain agreement was presented to the trial court in accordance with Ind.Code § 35–35–3–3 (Burns 1985 Repl.). After appellant filed his request to enter a plea of guilty and the State filed the written plea bargain agreement, the trial court made the necessary inquiries to determine whether appellant knowingly and voluntarily intended to waive the rights afforded to criminal defendants. The court examined appellant to determine both his understanding of the plea bargain agreement and whether a factual basis existed for the plea. After also advising appellant of the consequences of his plea, the trial court accepted the tendered plea.

At the guilty plea and sentencing hearing the State did not make any sentencing recommendation but did recommend psychiatric treatment as promised. The prosecutor also informed the trial court that the twelve year old victim's parents were present in the courtroom. The victim's mother was allowed to address the court. She freely censured appellant for the injury to her child and asked for the maximum penalty. Appellant did not make any objection at this time to this statement, and the judgment of conviction was then entered. The trial court imposed the sentence recommended by the probation officer in her presentence report.

At appellant's post-conviction relief hearing the following pertinent conclusions of law were made by the court:

"2. Victims of criminal offenses and their family members have an affirmative right to be present at sentencing and to make a statement to the Court, which may include a sentencing recommendation.

"3. Such statements by [crime] victims and witnesses constitute a non-binding recommendation to the Court and are not violative of the State's promise, pursuant

to a plea bargaining agreement, to make no recommendation as to sentencing.

"4. No recommendation was made by the State of Indiana in this case and the State complied with the terms of the written plea agreement.

"5. The Petitioner's sentence was non-suspendable; the Court's decision to aggravate the sentence was based upon the Petitioner's prior criminal history and upon the tender age of the victim.

"6. The State had an obligation to call to the Court's attention that the victim's parents were present and wished to address the Court on the matter of sentencing.

"7. The sentence of the Court was in no way violative of the U.S. or Indiana Constitutions nor of any statutory restriction, and the Petitioner was not prejudiced by any matter concerning entry of the guilty plea or sentencing."

Appellant argues that the State breached its plea bargain agreement by permitting the victim's mother to address the court and ask the court to impose the maximum sentence. Appellant maintains that by so doing, the State failed to fulfill a term of the plea bargain agreement which was the inducement or consideration for his guilty plea. He argues that the State cannot indirectly call a witness to make a sentencing recommendation when the plea bargain agreement is premised upon assurances that the State will not make any sentencing recommendation. Appellant maintains that he entered his guilty plea based upon the plea bargain agreement which was premised on the prosecutor's representations that neither she nor the victim's family would make a sentencing recommendation to the trial court. Appellant seeks to have the presumptive sentence of ten years imposed, since this would render the breach of the plea bargain agreement harmless, or, alternatively, to withdraw his guilty plea.

■ An analysis of whether the promise made by the prosecutor, given in exchange for appellant's guilty plea, was breached commences with the rule stated in *Santo-*

*bello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433, which states: "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Promises which induce guilty pleas must be fulfilled in order to satisfy the voluntariness of the guilty plea standard. *Brady v. United States* (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760. Therefore, failure of the prosecutor to adhere to any promise made which induces the guilty plea would constitute a breach of the plea bargain agreement with the result that the guilty plea loses its character as a voluntary act.

■ Appellant argues that the prosecutor promised that neither the State nor the victim's family would make a sentencing recommendation to the trial court. The pertinent part of the plea bargain agreement recites that, "[t]he State will make no recommendation as to the sentence to be imposed on the defendant...." On the face of this statement there is no express promise by the State that the victim's mother would not make a sentencing recommendation to the court. While the prosecutor had informed appellant that the victim's family preferred to have the trial court impose sentence without their recommendation, this information was conveyed to appellant during plea negotiations. There is no indication in the record that this statement constituted an "offer." Assuming arguendo that an "offer" was made, such an "offer" was not accepted and did not become a basis of the plea bargain. The final written plea bargain agreement does not recite that the victim's family is also prohibited from making a sentencing recommendation to the trial court.

Appellant maintains that encompassed within the State's express promise to refrain from a sentencing recommendation is an implicit promise—recognized in case law—that neither shall the victim's family make a sentence recommendation. Appel-

lant relies on *United States v. Cook* (7th Cir.1982), 668 F.2d 317, and *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, to support his argument that where the State is directly prohibited from making a sentencing recommendation, the State may not achieve this prohibited result indirectly by allowing the victim's family to make a sentencing recommendation.

In *Santobello*, a successor prosecutor recommended to the court that the defendant receive the maximum sentence. This was in direct contravention of an express plea bargain agreement by the predecessor prosecutor to make no sentence recommendation. Even though the successor prosecutor was ignorant of his predecessor's promise, the Supreme Court reasoned that the prosecutor's office has the duty to be aware of office commitments.

In *Cook*, the Court of Appeals held that the United States Attorney breached his promise to defendant, pursuant to a plea bargain agreement, to refrain from offering anything at all in aggravation of defendant's sentence. While the U.S. Attorney did not directly breach this promise, this promise was deemed to be indirectly breached by the U.S. Attorney since the probation officer incorporated into his presentence report damaging information contained in the U.S. Attorney's file. Had the government's promise been fully honored, the trial court would otherwise not have learned of this information.

In appellant Ryan's situation by contrast, the person providing the court with the recommendation of a maximum sentence was not a prosecutor or someone acting in cooperation with the prosecutor, but was the child victim's mother. The recommendation which she made to the court was not provided her by the prosecutor or other government agent, but was her own personal view. There was nothing within the content of her statement to support an inference that it represented the view of the prosecutor. Her appearance in the courtroom and her decision to speak to the court were the result of her free election

and choice. The act of the prosecutor, in notifying her of the date and time the court would consider the statutory recommendation, was to provide her an opportunity to appear, and was in response to the mandate of the statute. Ind.Code § 35–35–3–2 (Burns 1985 Repl.). The act of the prosecutor, in bringing her presence in court and desire to speak, to the attention of the court during the hearing was likewise to facilitate the statute's purpose. The conduct of the prosecutor in this situation is unlike that considered in the cases relied upon by appellant, in that it did not have as its intended consequence, the production of a sentence recommendation of the prosecutor before the court.

The findings of the post-conviction court are amply supported in the record and are clearly sufficient to support the denial of post-conviction relief. The judgment is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.