**STATE of Indiana on the Relation of Kevin S. GORDON, Relator,**

v.

**The VANDERBURGH CIRCUIT COURT and the honorable Maurice C. O'Connor, Special Judge, Respondents.**

No. 82S00–9306–OR–694.

Supreme Court of Indiana.

June 25, 1993.

Kevin S. Gordon, Pendleton, for relator.

Maurice C. O'Connor, Evansville, for respondents.

### ON PETITION FOR WRIT
### OF MANDAMUS

PER CURIAM.

This original action questions whether the provisions of Ind.Trial Rule 53.1 apply to a motion to correct erroneous sentence.

Relator, Kevin S. Gordon, filed his *pro se* motion to correct erroneous sentence in the Vanderburgh Circuit Court January 22, 1993. Relator contends the Vanderburgh Circuit Court lost jurisdiction to rule on his motion by failing to set it for hearing within 30 days. Relator asks this Court to order the Clerk of the Vanderburgh Circuit Court to transfer his motion to correct erroneous sentence to this Court for appointment of a special judge pursuant to T.R. 53.1.

That rule provides in relevant part:

(A) Time Limitation for Ruling. In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

(B) Exceptions. The time limitation for ruling on a motion established under Section (A) of this rule shall not apply where:

... (4) The ruling in question involves ... a petition for post-conviction relief ...

Relator relied on I.C. 35–38–1–15 as authority for his motion to correct erroneous sentence. That statute provides in relevant part:

Erroneous sentence; nature; correction If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person ... A motion to correct erroneous sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

That provision is markedly similar to Ind. Post–Conviction Rule 1, § 1(a), which provides in relevant part:

Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims: ...

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous ...

may institute at any time a proceeding under this Rule to secure relief.

The Indiana Rules of Procedure for Post–Conviction Remedies "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and ... shall be used exclusively in place of them." P– C.R. 1, § 1(b). Therefore, a motion to correct erroneous sentence filed pursuant to I.C. 35–38–1–15 must be considered a petition for post-conviction relief exempted from application of T.R. 53.1.

Accordingly, the Court DENIES Relator's "Petition for Writ of Mandamus."