**Robert CARRINGTON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9302–CR–00066.**

Court of Appeals of Indiana,
Third District.

Aug. 16, 1993.

Marce Gonzalez, Jr., Crown Point, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana and Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Robert Carrington appeals his convictions for confinement, a Class B felony; robbery, a Class B felony; and a sentence enhancement for a finding that Carrington is an habitual offender. Carrington's sole claim on appeal is that his

convictions for robbery and confinement violate double jeopardy.

The facts relevant to this appeal disclose that on July 8, 1991, at approximately 11:00 P.M., someone called out to John Means as he was walking to the white Cadillac which he had driven to work. Means turned around and saw Robert Carrington. Carrington asked Means if he was going to Gary, Indiana. Means replied "no." When Means opened the door to the Cadillac, Jerry Butler placed a gun to his head and ordered Means to climb into the car. After Means did so, Carrington took his wallet containing $75.00 and the address of Means' residence. Means was living with his mother on the second floor of the McLaughlin's Apartments.

Carrington then drove the Cadillac to Means' apartment. Using Means' keys, Carrington opened the door to the apartment, entered, and closed the blinds. Butler directed Means into the apartment and towards the hallway where he instructed Means to lie on the floor. Butler then bound Means' legs and arms with a belt and a telephone cord. As Means struggled to free himself, he heard Carrington and Butler drinking, smoking, and going through the apartment. When Means would raise his head, Butler would threaten him with the gun.

The following morning, Carrington asked Means where he kept the towels. Carrington exited a bedroom with a pillow and passed Means. Means managed to free his legs, ran to his mother's bedroom, and jumped out the second floor window. As Means ran to the office of the apartment complex, he yelled to his neighbor, Linda Howe, to call the police. Howe noticed two men get into the Cadillac. At the apartment complex office, Means whose hands were still bound told the manager that he had been "kidnapped." After the police arrived, Means told them that one of the men involved in the incident was Carrington. Means was then taken to the hospital.

On July 19, 1991, a LaPorte County Sheriff's deputy stopped the Cadillac and apprehended Carrington who had been driving the vehicle. Carrington was charged with confinement, a Class B felony, and robbery, a Class B felony. Subsequently, the information was amended to include a count alleging that Carrington was an habitual offender. A jury found Carrington guilty of all the counts. Carrington was sentenced to ten years' imprisonment for his conviction of robbery and a concurrent ten-year term, enhanced by thirty years, for his conviction of confinement. Carrington now appeals.

 Carrington contends that his convictions for robbery and confinement violate the principles of double jeopardy. Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506; *Austin v. State* (1992), Ind.App., 603 N.E.2d 169, 173 *trans. denied.* In Indiana, however, double jeopardy analysis does not end with an examination of the statutory provisions. The factual bases alleged by the State in the information must also be examined. *Austin*, 603 N.E.2d 169, 173. The elements of robbery are set forth in IND. CODE § 35–42–5–1 (1988 Ed.). The statute provides that the State must prove that the defendant "knowingly or intentionally t[ook] property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." The offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury. *See* IND.CODE § 35–42–5–1. A conviction for confinement requires, under IND.CODE § 35–42–3–3 (1988 Ed.), that the State prove that the defendant "knowingly or intentionally: (1) confine[d] another person without his consent." The offense is a Class B felony if it is committed while armed with a deadly weapon. *See* IND. CODE § 35–42–3–3. A review of the elements of confinement and robbery clearly demonstrates that each crime contains an element that the other does not. *See Jones v. State* (1988), Ind., 518 N.E.2d 479, 480.

Carrington's contention that robbery, by definition, necessarily includes that a person's liberty is affected, is correct. However, a defendant may be convicted and sentenced for both confinement and robbery when he confines the victim beyond that needed to effectuate the robbery. *See Brim v. State* (1984), Ind., 471 N.E.2d 676, 676–677. Carrington's reliance on *Wells v. State* (1991), Ind.App., 568 N.E.2d 558, and *Ryle v. State* (1990), Ind. App., 549 N.E.2d 81, *trans. denied*, is misplaced. Both *Wells* and *Ryle* are factually distinguishable from the present case in that both cases the confinement was the force by which the defendant effectuated the robbery. *Wells,* 568 N.E.2d at 563–564; *Ryle,* 549 N.E.2d at 84–85.

Here, the State presented substantial evidence showing that after robbing Means of his wallet and the vehicle, as alleged in Count II of the information, Carrington then confined Means in his apartment until Means was able to escape the following morning. This evidence demonstrates that Carrington used force beyond that which was necessary to effectuate the robbery. Evidence that Carrington confined Means beyond that confinement which is inherent in the force used to effectuate the robbery establishes a violation of the confinement statute apart from the violation of the robbery statute. *See Gillie v. State* (1987), Ind., 512 N.E.2d 145, 149 (confinement beyond that inherent in force use to effectuate robbery constitutes a violation of the confinement statute apart from the violation inherent in offense of robbery). Therefore, principles of double jeopardy do not preclude Carrington's convictions of both confinement and robbery.

*See Austin,* 603 N.E.2d at 173–74; *McElroy v. State* (1992) Ind.App., 592 N.E.2d 726, 730–731, *trans. denied; Polk v. State* (1991), Ind.App., 578 N.E.2d 687, 691. Carrington's convictions are affirmed.

Affirmed.

STATON and CONOVER, JJ., concur.