**James H. KINDRED, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A01–9403–CR–74.

Court of Appeals of Indiana,
First District.

Aug. 4, 1994.

James H. Kindred, pro se.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

James H. Kindred appeals the denial of a motion to correct erroneous sentence which he filed on April 14, 1993, following conviction of conspiracy to commit escape and adjudication as a habitual offender on January 23,

1985. Kindred argues in his motion and in this appeal that the trial court lacked the statutory authority to order the thirty-four year sentence to be served consecutively "to any other sentences" as reflected in the Abstract of Judgment.

Kindred did not obtain a ruling upon his motion to correct erroneous sentence. Apparently, when no ruling upon his motion was forthcoming, Kindred sought to have the special judge removed. That motion has not been made a part of the record but the record reflects that it was denied by the clerk of the Morgan Superior Court on November 15, 1993, the clerk having construed Kindred's motion to correct erroneous sentence as a second motion to correct error. Kindred then sought to have a special judge appointed by the Indiana Supreme Court pursuant to Ind.Trial Rule 53.1. When that attempt failed, see, *State ex rel. Gordon v. Vanderburgh Circuit Court* (1993), Ind., 616 N.E.2d 8, he initiated this appeal.

In his praecipe, Kindred requested that the clerk include in the record a true and correct copy of the transcript of the sentencing hearing with court reporter and judge's certificates. Special Judge Kern instructed the court reporter to provide Kindred with a photocopy of the transcript of the sentencing hearing because Kindred had already had a copy prepared by a court reporter at the county's expense. The record requested by Kindred thus does not contain an executed court reporter's certificate and does not contain a judge's certificate. Kindred brought these omissions to the clerk's attention but the desired certificates were not forthcoming. Kindred then petitioned this court for an order to supplement the record. That petition has not yet been ruled upon. The State argues that the appeal should be dismissed because the certificates have been omitted from the record.

 Kindred's allegation of error can be reviewed without resort to the transcript of the sentencing hearing or any other evidence of record. His claim is simply that the sentencing judge was without authority to require his sentence to be served consecutively to "any other sentences." That such a condition was imposed by the judge is evidenced by the Abstract of Judgment which is a part of the record certified by the clerk. A judge's certificate is therefore unnecessary. *State ex rel. O'Neal v. Cros* (1978), 177 Ind. App. 68, 71, 378 N.E.2d 10, 11.

Kindred has met his burden of providing the reviewing court with a record sufficient to permit consideration of his claimed error. *Hughes v. Hughes* (1976), 171 Ind.App. 255, 260, 356 N.E.2d 225, 228. Dismissal is not warranted on this basis. See *Stewart v. State* (1980), 273 Ind. 134, 135, 402 N.E.2d 973, 974.

 However, we do conclude that dismissal of the appeal at this time is the appropriate outcome. Many of the appellate decisions equate a motion to correct erroneous sentence with a petition for post-conviction relief, but do not dismiss upon the technical ground that a petition for post-conviction relief is the preferred procedure. See *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, 1229; *Poore v. State* (1993), Ind.App., 613 N.E.2d 478. Contrary to the State's assertions, there is nothing inappropriate about Kindred's chosen method of presenting his consecutive sentencing question to the trial judge. See *Watkins v. State* (1992), Ind. App., 588 N.E.2d 1342. Nonetheless, the trial rules do not explicitly provide Kindred with an avenue for compelling a ruling upon his motion. See Ind.Trial Rule 53.1(B)(4); *State ex rel. Gordon*, 616 N.E.2d 8. This court has no jurisdiction to review the action of the Indiana Supreme Court. *Justak v. Bochnowski* (1979), 181 Ind.App. 439, 448, 391 N.E.2d 872, 878, *cert. denied*, 449 U.S. 828, 101 S.Ct. 92, 66 L.Ed.2d 31. The denial of Kindred's motion for removal is the ruling from which he brought this appeal.

 "The Indiana Rules of Procedure for Post–Conviction Remedies 'comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and ... shall be used exclusively in place of them.'" *State ex rel. Gordon*, 616 N.E.2d at 9 *citing* P.–C.R. 1, § 1(b). The Post–Conviction Rules permit the summary disposition of a legal question upon motion by either party. Ind.Post–Conviction

Rule 1, § 4(f). A judgment obtained pursuant to the Post–Conviction Rules is a final appealable judgment. P.–C.R. 1, § 6.

This court has no final appealable order before it to review. Accordingly, the appeal is dismissed. Were Kindred's motion verified, it could proceed as a petition for post-conviction relief. He should be permitted to refile his motion as a post-conviction petition. *See Poore,* 613 N.E.2d 478.

Appeal dismissed.

NAJAM and FRIEDLANDER, JJ., concur.