Kevin Scott GORDON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 82A01–9403–CR–102.

Court of Appeals of Indiana,
First District.

Jan. 9, 1995.

Rehearing Denied March 16, 1995.

Transfer Denied May 18, 1995.

Kevin Scott Gordon, pro se.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Pro se appellant-petitioner Kevin Scott Gordon appeals the denial of his motion to

correct erroneous sentence for his 1983 convictions of Rape[1], a Class B felony, two counts of Criminal Deviate Conduct[2], Class B felonies, Robbery[3], a Class C felony, and Criminal Confinement[4], a Class D felony. The court sentenced Gordon to fifteen years on the rape conviction and on each of the criminal deviate conduct convictions, to be served concurrently. It also sentenced him to five years on the robbery conviction and two years on the criminal confinement conviction to run consecutive with the first three sentences, for an aggregate sentence of 22 years. In 1993, Gordon filed a motion to correct erroneous sentence, which was denied after a hearing.

## DISCUSSION AND DECISION

Initially, we address the State's argument that Gordon has chosen the wrong avenue to raise his issues for appeal. As Gordon aptly responds, we must consider his motion as a petition for post-conviction relief. *See State ex rel. Gordon v. Vanderburgh Circuit Court* (1993), Ind., 616 N.E.2d 8, 9 (motion to correct erroneous sentence filed pursuant to IND.CODE § 35–38–1–15 must be considered a petition for post-conviction relief); *see also Kindred v. State* (1994), Ind. App., 639 N.E.2d 286, 287–88.

### I. Charging Information

Gordon claims that the informations for the criminal deviate conduct charges are deficient because they fail to set forth the element of force necessary to establish the offenses. Usually, challenges to the sufficiency of the charging document must be made by a motion to dismiss prior to arraignment, otherwise any error is waived. *Wine v. State* (1994), Ind.App., 637 N.E.2d 1369, 1374, *trans. denied.* Gordon argues that the deficiencies constituted fundamental error. Hence, he must show a blatant violation of basic and elementary principles, and the harm or potential for harm must be substantial and appear clearly and prospectively. *Id.* at 1373.

1. IND.CODE § 35–42–4–1(a).

2. IND.CODE § 35–42–4–2(a).

An information will be held sufficient if it tracks the language of the statute defining the crime. *Green v. State* (1991), Ind.App., 575 N.E.2d 296, 299, *trans. denied.* Errors in the information are fatal only if they mislead the defendant or fail to give him notice of the charge filed against him. *Id.* Although the informations here do not state that Gordon compelled the victim "by force or imminent threat of force" as defined by the statute, the informations cite I.C. § 35–42–4–2(a). Because the informations specifically direct Gordon to the statutory offense in addition to describing the particular facts of this case, they are not deficient and could not have misled him of the charges against him. Gordon was adequately advised of the crimes charged.

### II. Lesser Included Offense

At trial, the court granted Gordon's motion for a directed verdict for robbery resulting in serious bodily injury as a Class A felony, because the State failed to prove bodily injury. The trial court, though, permitted the robbery charge to remain as a Class C felony. Gordon complains that the court's action of permitting robbery to stand as a Class C felony while in the presence of the jury created an impression that Gordon was guilty of the lesser included offense.

Again, Gordon fails to show that he is entitled to post-conviction relief. First, he has failed to present the trial transcript to demonstrate the alleged error. Even assuming the court acted in the presence of the jury in directing the Class C robbery to remain as a valid charge, Gordon's summary contention that the jury was improperly influenced is insufficient. Gordon is correct that a trial judge must maintain an impartial manner and must refrain from any actions indicating any position other than strict impartiality. *See Harrington v. State* (1992), Ind., 584 N.E.2d 558, 561. To show denial of a fair trial due to a judge's bias, a defendant must show that the trial court's statements resulted in actual prejudice. *Id.* We assess

3. IND.CODE § 35–42–5–1.

4. IND.CODE § 35–42–3–3(2).

the allegedly prejudicial conduct of the trial court to discern whether it was improperly impressed upon the jury to taint their decision.

A trial court's ruling on a motion for directed verdict and whether a charge is sufficient to go to the jury does not impart a trial court's opinion as to the defendant's guilt on the charge. Without more, we refuse to accept the defendant's unsupported statement that the jury was improperly influenced.

### III. Consecutive Sentencing

Gordon argues that the trial court erroneously imposed his present sentences consecutive to a term of probation he was serving in Minnesota. His related argument is that he was not present at any hearing that would have been held to order the consecutive sentencing. However, the record is devoid of any hearing or order making his sentences consecutive to the probation. Thus, Gordon did not meet his post-conviction burden of showing that he was entitled to relief by a preponderance of the evidence. See Ind. Post–Conviction Rule 1(5). Likewise, on appeal, Gordon fails to show that the evidence is without conflict and leads only to a conclusion different from that of the post-conviction court. See Minor v. State, 641 N.E.2d 85, 88–89 (Ind.App.1994). We note that had the record shown that the trial court ordered the present sentences consecutive to the Minnesota probation, such action would not be error. To the contrary, IND.CODE § 35–50–1–2(b) specifically states that the sentences must be ordered consecutive if a person commits a crime before he is discharged from probation, parole, or a term of imprisonment for that other crime.

### IV. Enhanced Sentences

Gordon also contends that the court erroneously enhanced his rape and robbery convictions based upon the confinement conviction and also ordered the confinement sentence to be served consecutive to the other convictions. In essence, he suggests that the confinement was inherent in the rape and robbery and should merge with those convic-

tions to avoid double jeopardy. See Webster v. State (1994), Ind., 628 N.E.2d 1212, 1214 (rape and confinement); Wells v. State (1991), Ind.App., 568 N.E.2d 558, 563 (robbery and confinement). Gordon's failure to present the trial record to the post-conviction court precluded any examination of whether the confinement was in fact inherent in the rape and robbery that would preclude a separate sentence. Webster, 628 N.E.2d at 1214 (confinement beyond that inherent in the force to commit rape is separate offense); Carrington v. State (1993), Ind.App., 619 N.E.2d 309, 311 (confinement beyond that inherent in force used to effectuate robbery constitutes confinement as a separate offense). Gordon did not satisfy his burden of proof. See P–C.R. 1(5).

### V. Effective Assistance of Counsel

Lastly, Gordon alleges that he received ineffective assistance of counsel because his attorney failed to 1) move for a mistrial when the court permitted the robbery charge as a Class C felony to remain, 2) object to the allegedly deficient charging informations on the criminal deviate conduct counts, and 3) object to the consecutive sentencing. Counsel will not be deemed to be ineffective for failing to present meritless claims. Vaughn v. State (1990), Ind., 559 N.E.2d 610, 615. In our review, none of Gordon's alleged errors have been determined to have merit. Thus, counsel's performance was not deficient.

Judgment affirmed.

ROBERTSON and NAJAM, JJ., concur.