**Alex E. WATERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–9806–PC–295.

Court of Appeals of Indiana.

Dec. 17, 1998.

Transfer Denied Feb. 10, 1999.

Alex E. Waters, Carlisle, Pro Se.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

NAJAM, Judge.

**FACTS AND PROCEDURAL HISTORY**

Following a jury trial in January of 1993, Alex E. Waters was convicted of Possession of Cocaine within One Thousand (1,000) Feet of a School, a class B felony, Dealing in Cocaine within One Thousand (1,000) Feet of a School, a class A felony, and Conspiracy to Deal Cocaine, a class A felony. He was also found to be an habitual offender and received an aggregate sentence of 70 years. This court affirmed Waters' convictions on direct appeal. *Waters v. State*, No. 79A02–9305–CR–209, 637 N.E.2d 1383 (Ind. Ct.App. July 19, 1994). Waters then petitioned, but was denied, post-conviction relief. We affirmed that decision on June 19, 1997. *Waters v. State*, No. 79A04–9603–PC–89, 681 N.E.2d 792 (Ind. Ct.App. June 19, 1997). On October 8, 1997, this court issued an order denying Waters leave to file his successive petition for post-conviction relief. *Waters v. State*, No. 79A02–9709–SP–648 (Ind.Ct.App. Oct. 8, 1997). Finally, on February 27, 1998, Waters filed a Motion to Correct Erroneous Sentence, the denial of which he now appeals. The dispositive issue presented for our review is whether the trial court had jurisdiction to address and rule upon Waters' motion to correct erroneous sentence.

We reverse and remand with instructions to dismiss.

**DISCUSSION AND DECISION**

∎ Waters makes several claims in his motion to correct erroneous sentence and on appeal. Specifically, he argues that his sen-

tence is invalid because (1) the trial court's written sentencing order allegedly differs from its oral sentencing statement; (2) the court "did not have jurisdiction to resentence [him]," upon the request of [the] State, as the original sentence was legal and no need of correction existed; and (3) his sentence is manifestly unreasonable. The State counters that the trial court lacked jurisdiction over Waters' motion pursuant to our supreme court's opinion in *State ex rel. Gordon v. Vanderburgh Circuit Court,* 616 N.E.2d 8 (Ind.1993). In *Gordon,* the court stated:

> The Indiana Rules of Procedure for Post–Conviction Remedies "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and ... shall be used exclusively in place of them." Therefore, a motion to correct erroneous sentence filed pursuant to [Indiana Code] § 35–38–1–15 must be considered a petition for post-conviction relief.

*Id.* (quoting Ind. Post–Conviction Rule 1(1)(b)). Because Waters' first PCR has already been adjudicated, the State insists that his motion constitutes a successive petition for post-conviction relief and, thus, is subject to Indiana Post–Conviction Rule 1(12). We agree with the State.

 Effective January 1, 1994, prisoners desiring to pursue successive petitions for post-conviction relief were required to obtain leave from either the supreme court or the court of appeals before filing a petition for post-conviction relief in the trial court. *State ex rel. Woodford v. Marion Superior Court,* 655 N.E.2d 63, 65 (Ind.1995). Here, Waters failed to obtain such leave and, thus, the trial court erred when it entertained jurisdiction over his motion. As previously stated, we have already denied Waters leave to file his successive petition for post-conviction relief. He cannot rely on the limited remedy provid-

ed by Indiana Code § 35–38–1–15[1] to circumvent the requirements of Post–Conviction Rule 1(12). Accordingly, we reverse and remand the case to the trial court with instructions to dismiss Waters' motion to correct erroneous sentence.

Reversed and remanded with instructions.

FRIEDLANDER and MATTINGLY, JJ., concur.

---

1. Although a defendant may file either a motion to correct erroneous sentence or petition for post-conviction relief to challenge a facially erroneous sentence, the relevant cases repeatedly state that a PCR is preferred because it "serves the substantial purpose of 'finally closing the door to post-conviction remedies.'" *Thompson v. State,* 270 Ind. 677, 679, 389 N.E.2d 274, 276 (1979) (quoting *Owen v. State,* 167 Ind.App. 258, 263, 338 N.E.2d 715, 718 (1975)). Only one of Waters' three claims challenges the facial validity of his sentence. In any event, a motion to correct erroneous sentence may not be used in lieu of an SPCR where the defendant has already sought relief on both direct appeal and in a petition for post-conviction relief.