Vincent EVANS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0009–PC–373.

Court of Appeals of Indiana.

May 25, 2001.

246

Vincent Evans, Bunker Hill, Indiana, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

Appellant, Vincent Evans, appeals the denial of his Motion to Correct Erroneous Sentence. Specifically, Evans contends that the State violated the terms of his "no recommendation" plea agreement when a police officer made a recommendation to the judge at the sentencing hearing. Because we find that the police officer, as a victim of Evans' crime, had a statutory right to give a victim's impact statement and that the recommendation was from the officer's personal experience with Evans, we affirm.

### Facts and Procedural History

The record reveals that on July 13, 1994, Indianapolis Police Officer Randall Staab saw Evans' car blocking traffic across the northbound lanes of Pendleton Pike. Officer Staab smelled alcohol on Evans' breath. Evans offered Officer Staab money to let him go and then proceeded to kick Officer Staab. The State charged Evans with Bribery, a class C felony, three counts of Battery, all class D felonies, and Operating a Vehicle While Intoxicated, a class D felony.

Evans entered into a written plea agreement with the State. Evans agreed to plead guilty to bribery, one count of battery, and OWI. The State agreed to dismiss the other charges and make no sentencing recommendation except that the sentences should run concurrently. The court accepted the plea agreement and set the case for sentencing.

During the December 7, 1994 sentencing hearing, Officer Staab testified as the victim of Evans' battery. He asked the court for the maximum sentence "on behalf of the law enforcement officers that have dealt with this individual in the past and

those who will deal with him in the future." Record at 101. Evans objected that the comments qualified as testimony on behalf of the State. The court agreed and instructed Officer Staab that he could only offer a recommendation based on his personal experience with Evans. Officer Staab then recommended that Evans be made to take responsibility for his actions. The State did not present any argument as to the sentencing. The trial court sentenced Evans to eight years for his bribery conviction and three years for both his battery and OWI convictions, with all sentences to be served concurrently.

On August 4, 2000, Evans filed a Motion to Correct Erroneous Sentence, claiming that the State violated the terms of the plea agreement by allowing Officer Staab's recommendation at the sentencing hearing. The trial court denied Evans' motion. This appeal ensued.

### Discussion and Decision

■ Initially, we address the State's argument that our court cannot consider Evans' argument because the proper forum for raising this issue is in a petition for post-conviction relief. However, precedent dictates that we must consider this motion as a petition for post-conviction relief. *Gordon v. State*, 645 N.E.2d 25, 27 (Ind.Ct. App.1995), *trans. denied; see also State ex rel. Gordon v. Vanderburgh Circuit Court*, 616 N.E.2d 8, 9 (Ind.1993) (motion to correct erroneous sentence filed pursuant to Ind.Code § 35–38–1–15 must be considered a petition for post-conviction relief).

■ Because this appeal must be treated as a petition for post-conviction relief, Evans bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post Conviction Rule 1(5). Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues, Evans must show that the

evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Spiller v. State*, 740 N.E.2d 1270, 1273 (Ind.Ct.App.2001) (citing *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000)), *trans. denied.* When reviewing a denial of post-conviction relief, we neither reweigh the evidence nor judge the credibility of witnesses. *Thacker v. State*, 715 N.E.2d 1281, 1284 (Ind.Ct.App. 1999), *trans. denied.*

■ Evans contends that the State failed to comply with its promise to make no sentencing recommendation when the prosecution allowed Officer Staab to address the court at the sentencing hearing. Clearly, prosecutors must honor their promises given in exchange for guilty pleas. *Harris v. State*, 671 N.E.2d 864, 870 (Ind.Ct.App.1996) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)), *trans. denied.* Failure to adhere to a promise that induces a guilty plea would constitute a breach of the plea agreement and would render the plea involuntary. *Harris*, 671 N.E.2d at 870 (citing *Ryan v. State*, 479 N.E.2d 517, 519 (Ind.1985)).

■ Evans argues that the plea agreement must be vacated because the State did not honor its promise when Officer Staab testified at the sentencing hearing. *See Thompson v. State*, 634 N.E.2d 775, 777–78 (Ind.Ct.App.1994). We do not agree. The legislature has enacted a statutory framework detailing the rules of plea bargaining, and to achieve the balance of rights struck by the legislature, the parties must adhere to all of the statutory rules. *Reffett v. State*, 571 N.E.2d 1227, 1229 (Ind.1991). One rule mandates that the prosecutor notify the victim of the crime, Officer Staab, that he is entitled to be

present at the sentencing and may address the court. Ind.Code § 35–35–3–2; *see also Ryan v. State,* 479 N.E.2d 517, 520 (Ind.1985). The prosecution must comply with this statute. Additionally, when a victim is present at a sentence hearing, "the court shall also offer the victim, ... an opportunity to make a statement concerning the crime and the sentence." I.C. § 35–35–3–5.

Apparently, the State did notify Officer Staab of the plea agreement and of his right to address the court. Officer Staab then indicated to the prosecutor that he wanted to offer his own recommendation to the court based on his experience with Evans. Consequently, the prosecutor introduced Officer Staab, as a victim, requesting to make a victim's impact statement. Officer Staab initially proceeded with a recommendation on behalf of all law enforcement officers who have dealt or will deal with Evans. The court did not allow this testimony and ordered Officer Staab to make his recommendation based only on his personal experience and opinion. Officer Staab continued by recommending that Evans be made to take responsibility for his "disrespect for law enforcement based upon his criminal history and based upon my personal observations of him...." Record at 109.

In a similar case, *Harris,* 671 N.E.2d 864, we held that it was not error for a detective who was not a victim of the crime, but was investigating a crime to make a sentencing recommendation to the court despite a plea agreement calling for the State to offer no sentencing recommendations. We found that the detective's testimony did not equate to a sentencing recommendation because the testimony was based on the detective's own personal experience. *Id.* at 871. Furthermore, we stated the trial court did not err when it allowed the detective to comment on the defendant's criminal history because the pre-sentence report already contained that evidence. *Id.* at 871.

Here, Officer Staab was not only the officer in charge of the investigation, but also the victim of the crime committed by Evans. As such, he had a statutory right to address the court at the sentencing hearing. Ind.Code § 35–35–3–5. Officer Staab's comments at sentencing did not represent a sentencing recommendation by the State, but were his own personal opinions that he was entitled to give. Further, Officer Staab's comments on Evans' criminal history were appropriate because that information was already before the court in the pre-sentence report.

Judgment affirmed.

ROBB, J., concurs.

BROOK, J., concurs with separate opinion.

BROOK, Judge, concurring

I fully concur with Judge Vaidik's reasoning and result in this case, but I write separately to suggest a way of avoiding future confusion as to the meaning of similar "no recommendation" provisions in plea agreements.

When the State promises a criminal defendant under a plea agreement that it will offer no sentencing recommendation to the trial court, the better practice might be for the plea agreement to specify that although the prosecuting attorney could not offer such a recommendation, (1) any witness, whether a private citizen or a State agent, may do so by leave of court; and (2) any victim of the defendant's crime, whether a private citizen or a State agent, is entitled to do so under Indiana Code Section 35–35–3–5(b). A "no recommendation" provision is obviously meaningful to a criminal defendant, who might understandably yet mistakenly believe that no one,

particularly a State agent, will be permitted to make a recommendation at the sentencing hearing. Although prosecutors and defense counsel will be familiar with the meaning of "no recommendation" provisions as explained in *Harris* and the instant case, it is safe to assume that most criminal defendants will not be. For reasons of fundamental fairness, then, I would encourage its inclusion in written plea agreements where applicable. *See Sinn v. State*, 693 N.E.2d 78, 80 (Ind.Ct.App.1998) ("The concept of plea bargaining contemplates an *explicit* agreement between the State and defendant which is binding upon both parties when accepted by the trial court. Strict adherence to the agreement is essential.") (emphasis added) (citation omitted).