James Ernest WHITE, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 10A01–0209–PC–348.

Court of Appeals of Indiana.

Aug. 20, 2003.

James E. White, Pendleton, pro se.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

James Ernest White appeals the dismissal of his petition for post-conviction relief. The dispositive issue presented is whether White's petition for post-conviction relief is a successive petition for post-conviction relief such that he was required to receive authorization from this court pursuant to Indiana Post–Conviction Rule

1(12) before the post-conviction court had jurisdiction over his petition.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

White was found guilty of murder, a felony,[1] following a jury trial and was sentenced to a presumptive fifty-year term. In White's direct appeal, we affirmed his conviction and sentence in an unpublished memorandum decision. *See White v. State*, 668 N.E.2d 726, No. 10A01–9504–CR–129 (Ind.Ct.App. July 22, 1996), *trans. denied.*

On April 10, 1997, the Clark County Public Defender filed in the Clark Circuit Court a motion to correct erroneous sentence pursuant to Ind.Code § 35–38–1–15, arguing White's sentence was erroneous because the sentencing statute applicable to White provided for a presumptive forty-year sentence instead of the fifty-year sentence White received.[2] After a hearing, the trial court corrected White's sentence to reflect a presumptive forty-year sentence for murder.

On August 4, 1997, White filed a *pro se* petition for post-conviction relief, which he amended on January 10, 2002. The State filed a motion to dismiss arguing that White's prior motion to correct erroneous sentence had been a petition for post-conviction relief and, therefore, White's current petition for post-conviction relief was a successive petition for post-conviction relief. The State argued that the post-conviction court lacked jurisdiction to rule on the current petition because White had

failed to seek leave of this court to file a successive petition for post-conviction relief under P–C.R. 1(12). The post-conviction court granted the State's motion to dismiss on June 28, 2002. White's motion to correct error was denied.

## DISCUSSION AND DECISION

White argues the court erred in dismissing his petition for post-conviction relief as a successive petition. White contends that his previous motion to correct erroneous sentence should not be construed as a petition for post-conviction relief because it was filed pursuant to Ind.Code § 35–38–1–15 and did not comply with the requirements for petitions for post-conviction relief. Therefore, White argues, his current petition for post-conviction relief should not have been dismissed because it is not a successive petition requiring permission from this court.

 The Indiana Rules of Appellate Procedure create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. *Bellamy v. State*, 765 N.E.2d 520, 521 (Ind. 2002). If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking post-conviction relief. *Id.; see* P–C.R. 1. If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek post-conviction relief through a successive petition. *Bellamy*, 765 N.E.2d at 521; *see* P–C.R. 1(12). However, pursuant to P–C.R. 1(12), convicted persons filing successive petitions for post-conviction relief are required to

---

1. Ind.Code § 35–42–1–1.

2. On September 17, 1994, when White committed murder, two conflicting versions of the sentencing statute for murder, Ind.Code § 35–50–2–3, were in effect. One provided for a forty-year presumptive sentence and the

other provided for a fifty-year presumptive sentence. *See Smith v. State*, 675 N.E.2d 693, 695 (Ind.1996). In *Smith*, our supreme court held that the controlling version of the statute was the one providing for a forty-year presumptive sentence. *Id.* at 697.

obtain leave from either the supreme court or this court before filing a successive petition in the post-conviction court. *Waters v. State*, 703 N.E.2d 688, 689 (Ind.Ct. App.1998), *trans. denied*. If a convicted person files a successive petition in the post-conviction court without obtaining such leave, the post-conviction court is required to dismiss the petition due to lack of jurisdiction. *Id*.

The issue in this case is whether White's motion to correct erroneous sentence should be considered a petition for post-conviction relief such that the subsequent filing of his current petition for post-conviction relief required authorization from this court. White argues that his motion to correct erroneous sentence was not a petition for post-conviction relief because it was filed pursuant to Ind.Code § 35–38–1–15 and was not verified as required by the post-conviction rules.

P–C.R. 1(1)(a) provides in pertinent part:

Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

\* \* \*

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

\* \* \*

may institute at any time a proceeding under this Rule to secure relief.

P–C.R. 1(3) requires in part: "The petition shall be made under oath and the petitioner shall verify the correctness of the petition, the authenticity of all documents and exhibits attached to the petition, and the fact that he has included every ground for relief under Sec. 1 known to the petitioner."

White's motion to correct erroneous sentence was filed pursuant to Ind.Code § 35–38–1–15. That statute provides:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

■ A petition for post-conviction relief, not a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error. *Jones v. State*, 544 N.E.2d 492, 496 (Ind.1989); *Funk v. State*, 714 N.E.2d 746, 748–49 (Ind.Ct.App. 1999), *trans. denied*. However, a motion to correct erroneous sentence pursuant to Ind.Code § 35–38–1–15 "is appropriate where the sentence is erroneous on its face and that facial error occurs when the sentence violates express statutory authority." *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000).

In *Reffett v. State*, 571 N.E.2d 1227, 1228–29 (Ind.1991), our supreme court discussed whether a motion to correct erroneous sentence was a proper method for challenging a sentence:

The State argues Reffett's appeal from the denial of his motion to correct sentence is the wrong way to attack his sentence. It says Reffett should have filed a petition for post-conviction relief under Indiana Post–Conviction Rule 1 § 1(a)(3).

Indiana Code § 35–38–1–15 (West 1986) permits a defendant to file a motion to correct sentence so long as it is in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence. Ref-

fett's motion met these requirements. Although this Court has repeatedly advised that a petition for post-conviction relief is the "preferred procedure," we have been reluctant to reject appeals from denial of a motion to correct sentence on such technical grounds. In *Thompson v. State*, we explained that a petition for post-conviction relief was preferred because it "serves the substantial purpose of 'finally closing the door to post-conviction remedies.'" 389 N.E.2d at 276 (quoting *Owen v. State* (1975), 167 Ind.App. 258, 263, 338 N.E.2d 715, 718). By preferring one procedure but permitting both, this Court tries to encourage conservation of judicial time and energy while at the same time affording speedy and efficient justice to those convicted of a crime. *See generally id.* at 276–77, 338 N.E.2d 715. In *Jones v. State*, we held that a motion to correct sentence is appropriate where the sentence is erroneous on its face, and that facial error occurs when the sentence violates express statutory authority. 544 N.E.2d at 496.

Under *Reffett*, motions to correct erroneous sentences and petitions for post-conviction relief appear to be distinct procedural vehicles by which a convicted person may challenge his sentence. Petitions for post-conviction relief are "preferred" because they "close the door" to other post-conviction challenges, but our supreme court continues to allow the filing of a motion to correct erroneous sentence. *See id.*

Nevertheless, the State argues, based upon *State ex rel. Gordon v. Vanderburgh Circuit Court*, 616 N.E.2d 8 (Ind.1993)

(*per curiam*), that White's motion to correct erroneous sentence must be considered a petition for post-conviction relief. In *State ex rel. Gordon*, Gordon filed a motion to correct erroneous sentence in the Vanderburgh Circuit Court pursuant to Ind.Code § 35–38–1–15. The trial court failed to set it for hearing within 30 days and Gordon attempted to have his motion to correct erroneous sentence removed to the supreme court for appointment of a special judge pursuant to Ind. Trial Rule 53.1.[3] He argued that the trial court lost jurisdiction to rule on his motion by failing to set it for hearing within 30 days. However, the 30–day time limit in T.R. 53.1 does not apply to petitions for post-conviction relief. T.R. 53.1(B)(4); *State ex rel. Gordon*, 616 N.E.2d at 9. After setting out the relevant parts of Ind.Code § 35–38–1–15 and P–C.R. 1(1)(a), our supreme court stated:

> The Indiana Rules of Procedure for Post–Conviction Remedies "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and ... shall be used exclusively in place of them." P–C.R. 1, § 1(b). Therefore, a motion to correct erroneous sentence filed pursuant to I.C. 35–38–1–15 must be considered a petition for post-conviction relief exempted from application of T.R. 53.1.

*State ex rel. Gordon*, 616 N.E.2d at 9. *But see Thompson v. State*, 270 Ind. 677, 389 N.E.2d 274, 276 n. 2 (1979) (noting that the P–C.R. 1(1)(b) exclusivity constraint is in-

---

**3.** T.R. 53.1 provides for the removal of a cause from the trial court to our supreme court for the appointment of a special judge where the trial court "fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was

heard or thirty (30) days after it was filed, if no hearing is required." T.R. 53.1(A). However, "[t]he time limitation for ruling on a motion ... shall not apply where ... the ruling in question involves ... a petition for post-conviction relief." T.R. 53.1(B)(4).

applicable to motions to correct erroneous sentences.)

While *State ex rel. Gordon* held that a motion to correct erroneous sentence must be considered a petition for post-conviction relief exempted from application of T.R. 53.1, it still does not appear that in all instances a motion to correct erroneous sentence is considered a petition for post-conviction relief. *See Mitchell*, 726 N.E.2d at 1243 (affirming the trial court's grant of Mitchell's motion to correct erroneous sentence where Mitchell's sentence violated double jeopardy); *Everroad v. State*, 730 N.E.2d 222, 224 (Ind.Ct.App.2000) (reversing the trial court's denial of Everroad's motion to correct erroneous sentence wherein Everroad claimed that the trial court erred in failing to hold an indigency hearing before imposing fines and costs); *Funk*, 714 N.E.2d at 748–49 (evaluating a motion alleging Funk was convicted of a non-existent crime as a motion to correct erroneous sentence, not as a petition for post-conviction relief); *Kindred v. State*, 639 N.E.2d 286, 287 (Ind.Ct.App.1994) (explaining that even though Kindred's motion to correct erroneous sentence was an appropriate method for presenting a consecutive sentencing issue, the appeal had to be dismissed as there was no final order to appeal because the trial court had not ruled on the motion). *But see Davis v. State*, 771 N.E.2d 647, 649 (Ind.2002) (finding that in the context of whether the court of appeals had jurisdiction to hear a belated appeal from the denial of a motion to correct erroneous sentence, the motion must be considered a petition for post-conviction relief); *Evans v. State*, 751 N.E.2d 245, 247 (Ind.Ct.App.2001) (considering appeal from the denial of a motion to correct erroneous sentence as an appeal from the denial of a petition for post-conviction relief); *Waters*, 703 N.E.2d at 689 (construing a motion to correct erroneous sentence as a successive petition for post-conviction relief where Waters had previously been denied leave to file a successive petition for post-conviction relief); *Gordon v. State*, 645 N.E.2d 25, 27 (Ind.Ct. App.1995) (considering Gordon's appeal from the denial of a motion to correct erroneous sentence as an appeal from the denial of a petition for post-conviction relief), *trans. denied*.

A motion to correct erroneous sentence pursuant to Ind.Code § 35–38–1–15[4] does not contain a verification requirement. *See Thompson*, 389 N.E.2d at 276. In contrast, a petition for post-conviction relief must be verified, *see* P–C.R. 1(2), and contain the statement that every ground for relief under P–C.R. 1(1) known to the petitioner is included in the petition. *See* P–C.R. 1(3). The post-conviction relief verification requirement "is not a mere technicality, but rather serves the substantial purpose of 'finally closing the door to post-conviction remedies.'" *Thompson*, 389 N.E.2d at 276 (quoting *Owen v. State*, 167 Ind.App. 258, 338 N.E.2d 715, 718 (1975)). *See also Shelor v. State*, 270 Ind. 454, 386 N.E.2d 690, 691 (1979) (lacking a verification, a "petition to modify sentence" was not a petition for post-conviction relief); *Kindred*, 639 N.E.2d at 288 ("Were Kindred's motion [to correct erroneous sentence] verified, it could proceed as a petition for post-conviction relief."). A prior motion to correct erroneous sentence does "not preclude the defendant from filing a later verified petition under [P–C.R. 1] where the facts warrant such a filing." *Thompson*, 389 N.E.2d at 276.

█ White filed his motion to correct erroneous sentence pursuant to Ind.Code § 35–38–1–15 alleging that he was sentenced under the wrong version of the

---

4. Formerly Ind.Code § 35–4.1–4–17 (Burns 1975).

sentencing statute for murder. While a motion to correct erroneous sentence is not the "preferred procedure" to challenge a sentence, White's motion to correct erroneous sentence was appropriate in that his sentence was erroneous on its face. *See Reffett,* 571 N.E.2d at 1229. The sentencing error was the only error raised in White's motion. Additionally, White's motion to correct erroneous sentence should not be construed as a petition for post-conviction relief because petitions for post-conviction relief must be verified, *see* P–C.R. 1(2), and contain the statement that every ground for relief under P C.R. 1(1) known to the petitioner was included in the petition. *See* P–C.R. 1(3). White's motion to correct erroneous sentence was neither verified by White, nor did it contain such a statement. Because White's motion to correct erroneous sentence did not comply with the verification requirements of a petition for post-conviction relief, we decline to construe it as such. *See Thompson,* 389 N.E.2d at 276. *See also Shelor,* 386 N.E.2d at 691; *Kindred,* 639 N.E.2d at 288.

Finally, the State argues, based on *Waters,* that White's petition for post-conviction relief is a successive petition. However, Waters filed a motion to correct erroneous sentence *after* his petition for post-conviction relief had been denied and he had been denied leave to file a successive petition for post-conviction relief. As such, we held that Waters "cannot rely on the limited remedy provided by Indiana Code § 35–38–1–15 to circumvent the requirements of Post–Conviction Rule 1(12)." 703 N.E.2d at 689 (footnote omitted). In *Waters,* we also noted:

> Although a defendant may file either a motion to correct erroneous sentence or petition for post-conviction relief to challenge a facially erroneous sentence, the relevant cases repeatedly state that a PCR is preferred because it "serves the

substantial purpose of 'finally closing the door to post-conviction remedies.'" *Thompson v. State,* 270 Ind. 677, 679, 389 N.E.2d 274, 276 (1979) (quoting *Owen v. State,* 167 Ind.App. 258, 263, 338 N.E.2d 715, 718 (1975)). Only one of Waters' three claims challenges the facial validity of his sentence. In any event, a motion to correct erroneous sentence may not be used in lieu of an SPCR where the defendant has already sought relief on both direct appeal and in a petition for post-conviction relief. *Id.* at 689 n. 1.

██ Unlike that of *Waters,* White's motion to correct erroneous sentence was filed prior to his petition for post-conviction relief. White's motion to correct erroneous sentence addressed only the facially erroneous sentence and did not contain White's verification that it included every ground for relief under P–C.R. 1(1) known to him. Because White's motion was not verified, it did not have the effect of finally closing the door to post-conviction remedies. As such, we decline to construe White's motion to correct erroneous sentence as a petition for post-conviction relief for purposes of determining whether his current petition for post-conviction relief is a successive petition. As White's previous motion to correct erroneous sentence was not a petition for post-conviction relief, his current petition is not a successive petition. White was not required to seek leave from this court prior to filing his petition for post-conviction relief.

We reverse and remand for further proceedings consistent with this opinion.

KIRSCH, J., and MATHIAS, J., concur.